UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-81689-ROSENBERG/REINHART

CITYPLACE RETAIL, LLC,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., AS
TRUSTEE FOR THE REGISTERED
HOLDERS OF CREDIT SUISSE
FIRST BOSTON MORTGAGE
SECURITIES CORP., COMMERCIAL
MORTGAGE SECURITIES CORP.,
COMMERCIAL MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2007-C1,

    Defendant.
_____/

## ORDER VACATING PRIOR ORDER DENYING MOTIONS IN LIMINE, GRANTING DEFENDANT'S MOTION IN LIMINE, AND DENYING PLAINTIFF'S MOTION IN LIMINE

This matter is before the Court on Defendant's ore tenus motion in limine made at trial on October 30, 2019. Defendant's ore tenus motion essentially renews a prior motion in limine that was denied by the Court at docket entry 140. The Court previously denied the parties' respective motions in limine so that the Court could evaluate the arguments therein in the context of the evidence at trial. After having the opportunity to consider several days' worth of testimony at trial, after consideration of the arguments of the parties on October 30, 2019, and after review of the Court's prior order and the parties' written motions in limine, the Court **VACATES** its prior order denying the parties' motions in limine without prejudice and substitutes this Order in its place.[1]

---

1 Non-final orders may be revised at any time prior to entry of final judgment. Fed. R. Civ. P. 54. The Court granted Defendant's ore tenus motion in limine, specifying that a written order would follow—this written order.

**Defendant's Motion in Limine**

Defendant moves to exclude certain historical appraisals prepared by Plaintiff's expert, Mr. Val Chiasson. At trial, Defendant represented to the Court that it was not moving to exclude background testimony from Mr. Chiasson about those appraisals, but Defendant did seek to exclude testimony from Mr. Chiasson that attributed the conclusions or analysis in those appraisals to Defendant.[2] Defendant also renewed its position (from its filed motion in limine) that the appraisals should not be admitted as substantive evidence in this case.

Defendant argues the evidence should be excluded on multiple grounds, including Rule 37 of the Federal Rules of Civil Procedure. Under Rule 37, Defendant contends that the appraisals cannot be used as evidence because the appraisals did not further Mr. Chiasson's expert opinion and because those appraisals were not disclosed as grounds supporting Mr. Chiasson's report. An expert witness must produce a report that contains, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them," and "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B). Such disclosures are mandatory as Rule 37(c)(1) states: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *E.g., United States ex rel. TVA v. Scott*, 324 F.R.D. 267, 273–74 (N.D. Ga. 2017).

Plaintiff produced the Chiasson expert report on April 8, 2019. The scope of Mr. Chiasson's retention as an expert was "to opine on the appraisal procedures and standards that apply to the appraisal of CityPlace located in West Palm Beach, and which is referenced as the

---

[2] At trial, Plaintiff represented that it was not seeking to attribute Mr. Chiasson's historical appraisals to Defendant.

'subject property' in this report." DE 118-4. Mr. Chiasson offered expert opinion regarding "whether an appraisal of 'fair market value' of a property as of a specific date, to be performed in compliance with FIRREA, can consider the contributory value of a potential future zoning change." *Id*. Among the materials that Mr. Chiasson disclosed that he reviewed in preparing his report were the Loan Modification Agreement, Title XI of FIRREA, the Interagency Appraisal and Evaluation Guidelines, the Uniform Standards of Professional Appraisal Practice, and the Dictionary of Real Estate Appraisal. *Id*. at 5. He also read Cushman & Wakefield's appraisal report, CBRE's September 2018 and November 2018 appraisal reports, and Stuart Lieberman's deposition and the accompanying exhibits. DE 118-5 at 8-9. Mr. Chiasson did not consider or rely on any other materials. Thus, the Court can see no basis for Mr. Chiasson's historical appraisals to be admitted as evidence under Rule 37.

In response, Plaintiff takes the position that, even though the appraisals were not disclosed in Mr. Chiasson's report,[3] Plaintiff should be able to admit the appraisals as evidence because of Defendant's litigation strategy:

> *THE COURT:* What about 703 and 26 and 37 whereby, in essence, I understand the argument to be he was deposed, he didn't disclose that he relied upon them, they are not the basis of his opinion, and it would, you know, the notion is that it is unfair to either party if after you have expert reports and depositions new opinions, new materials that you relied upon, come out.
>
> *MR. HARRISON:* I will note for the record that at least in this case CityPlace and our expert was deprived of the opportunity to submit a rebuttal report based on the way Wells Fargo decided to handle the provision of their expert report. We were supposed to exchange simultaneous expert reports and each side would have an opportunity to file a rebuttal report to each others expert report. Wells Fargo didn't file an expert report and all they filed was a rebuttal report, which we never had an opportunity to file a rebuttal report.

---

3 The appraisals were also not disclosed as supporting Mr. Chiasson's opinion at his deposition.

> But taking that aside, these documents have been involved in the case since at least April 30th. At no time has Wells Fargo either tried to depose Mr. Chiasson.
>
> *THE COURT:* He had been deposed.

(Internal Transcript). The potential prejudice to Defendant is exemplified by the following e-mail sent from counsel for the Defendant to counsel for the Plaintiff. After Mr. Chiasson's deposition, Plaintiff took the position that Mr. Chiasson was both an expert witness and a fact witness and, because he was also a fact witness, Mr. Chiasson's old, prior appraisals could be used as substantive evidence in support of Plaintiff's case. In response to that position, Defendant's counsel sent the following:

> I am puzzled as to how Mr. Chiasson can be a "fact" witness given the statements in both his report and at his deposition. He has not been involved in any of the transactions, and lacks personal knowledge of any events. He can be testifying only in a capacity as an expert witness. Since that limited role i[n] the case, if you want to call him for further testimony, under Rule 26, we are first entitled to a supplemental report before any testimony. We will consent to such a report, provided that we receive it in at least three business days in advance of Mr. Chiasson's deposition. If you do not proceed in accordance with Rule 26, we reserve our rights to move to preclude any purported 'fact' testimony by Mr. Chiasson in the motions in limine to be filed with the Court.

DE 118-1 at 2. Despite having the opportunity to amend the expert report, Plaintiff never accepted Defendant's offer. Upon review of Mr. Chiasson's report and the evidence in this case, the Court is persuaded that, pursuant to Rule 37, Plaintiff is precluded from offering Mr. Chiasson's historical, prior appraisals as substantive evidence in this case. Plaintiff could have amended Mr. Chiasson's expert report to make the appraisals part of Mr. Chiasson's opinion, but Plaintiff elected not to do so. Defendant's Motion in Limine is therefore granted on this basis.

**Plaintiff's Motion in Limine**

Plaintiff argues that Defendant's expert, Mr. Ted Whitmer, should be excluded from testifying. Plaintiff argues that:

> Mr. Whitmer's central conclusions about FIRREA were derived from inapplicable sources and from "straw polling" a collection of his professional acquaintances. This clearly is not an acceptable, reliable methodology under *Daubert*.

DE 121 at 2.

"The admission of expert evidence is governed by Federal Rule of Evidence Rule 702, as explained by *Daubert* and its progeny." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005). "The importance of *Daubert*'s gatekeeping requirement cannot be overstated." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). When a party offers expert testimony and the opposing party raises a *Daubert* challenge, the trial court must make certain that an expert, whether basing testimony upon professional studies or personal experience, "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *See McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1237 (11th Cir. 2005) (quoting *Khumo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999)).

As an initial matter, Plaintiff argues that Mr. Whitmer is not qualified to testify about FIRREA, a standard that governs the appraisals in this case. Upon review of Mr. Whitmer's qualifications, however, the Court is satisfied that Mr. Whitmer is sufficiently qualified to offer his opinion to the Court.[4] By way of example, Mr. Whitmer has been an appraiser, banker,

---

4 "[T]he qualifications of 'an expert must satisfy a relatively low threshold, beyond which qualification becomes a credibility issue for the jury.'" *McWilliams v. Novaritis AG*, No. 2:17-CV-14392, 2018 WL 3364617, at *2 (S.D. Fla. July 9, 2018).

educator, lawyer, and investor for nearly forty years. Plaintiff's challenges to Mr. Whitmer's qualifications merely go to Plaintiff's disagreement with Mr. Whitmer's opinions:

> Mr. Whitmer attempts to bridge the gaps in his qualifications and knowledge through flawed deductive reasoning. He opines that Cushman & Wakefield must have violated FIRREA, because he claims "[o]ne cannot comply with FIRREA and not comply with USPAP." Report ¶ 43 n.3; see also Report ¶¶ 59–60 ("FIRREA includes USPAP requirements"). This statement reveals Mr. Whitmer's profound lack of expertise with FIRREA.

DE 121 at 7.

Plaintiff also challenges Mr. Whitmer's methodology, contending that his methodology is unreliable and that Mr. Whitmer depends upon "surveys." Upon review of Mr. Whitmer's report, the Court does not agree.[5] "For nonscientific expert testimony, 'the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable.'" *Am. Gen. Life Ins. Co. v. Schoenthal Family, LLC*, 555 F.3d 1331, 1338 (11th Cir. 2009). Such testimony may be based upon personal knowledge and experience. *Id.* The basis for Mr. Whitmer's opinions is his significant experience in the field of appraising. The Court does not conclude that Mr. Whitmer's opinions are based upon surveys. Rather, Mr. Whitmer's surveys serve as corroboration of Mr. Whitmer's own opinions—such a use is permissible under *Daubert*. *See United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1079 (5th Cir. 1996) (finding expert's land valuation opinion admissible because it was in part "based on his inspection of the property; discussions with other appraisers, brokers and lenders; comparable sales; and his experience as a real estate developer"); *Barnext Offshore, Ltd. V. Ferretti Grp., Inc.*, 2012 WL 13012778, at *5 (S.D. Fla. May 24, 2012) ("While opinions of non-testifying

---

5 The Court expresses no opinion whether Mr. Whitmer may testify about his surveys—Plaintiff may make an objection at trial, should Plaintiff elect to do so. The Court does not construe Plaintiff's motion as seeking any determination about this issue.

industry peers may be considered by a valuation expert in formulating his opinion, they may not form the sole ground for the expert's determination."). The Court has reviewed Mr. Whitmer's report in great depth. The Court is satisfied that Mr. Whitmer's testimony complies with *Daubert*. Plaintiff's challenges to the contrary go to credibility, not to wholesale exclusion. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking" expert testimony. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993).

Upon review of Mr. Whitmer's report, the Court concludes that Mr. Whitmer's testimony will assist the Court in its understanding of the issues in this case. *See Frazier*, 387 F.3d at 1260 (holding that an expert's testimony must assist the trier of fact).

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Court's prior order at docket entry 140 is **VACATED**, Plaintiff's Motion in Limine [121] is **DENIED**, and Defendant's Motion in Limine [117] is **GRANTED** insofar as Plaintiff may not admit into evidence Mr. Chiasson's appraisals.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 31st day of October, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record