UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 9:18-CV-81689-ROSENBERG/REINHART

CITYPLACE RETAIL, L.L.C.,
*a Foreign Limited Liability Company,*

                Plaintiff,

v.

WELLS FARGO BANK, N.A.,
*as Trustee for the Registered Holders
of Credit Suisse First Boston
Mortgage Securities Corp., Commercial
Mortgage Pass-Through Certificates,
Series 2007-C1,*

                Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. COMMERICAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-C1'S MOTION FOR BILL OF COSTS (ECF No. [234])**

Presently before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion for Bill of Costs ("Motion"), ECF No. [234], which was referred to me by the Honorable Robin L. Rosenberg for appropriate disposition. ECF No. [236]. The Motion, brought under Federal Rule of Civil Procedure 54(d)(1), asks the Court to award costs to the prevailing party, in accordance with 28 U.S.C. § 1920. I have reviewed the Motion for Bill of Costs, ECF No. [234], the Memorandum in Support of the Motion, ECF No. [235], Plaintiff CityPlace Retail, LLC's ("CityPlace") Response in Opposition, ECF No. [238], and Wells Fargo's Reply, ECF No. [240]. For the reasons explained below, I **RECOMMEND** that the Motion for Bill of Costs, ECF No. [234], be **GRANTED IN PART AND DENIED IN PART.**

## BACKGROUND

The underlying action involved claims for declaratory relief arising out of a dispute over the terms of a loan agreement between a lender, Wells Fargo, and a borrower, CityPlace. ECF No. [1]. After an eight-day bench trial, the Court entered a Final Judgment in favor of Wells Fargo on all claims. ECF No. [229]. In its Motion, Wells Fargo seeks reimbursement of costs from CityPlace in the amount of $88,670.36. ECF No. [234]. In its Reply, Wells Fargo modifies the amount of its requested costs from $88,670.36 to $76,793.41. ECF No. [240] at 10.

## DISCUSSION

Under the Federal Rules, prevailing parties are entitled to recover costs as a matter of course unless otherwise directed by the court or statute. *See* Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).[1] However, such presumption is not without limits, and courts may only tax costs as authorized by statute. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co.*, 482 U.S. at 441-442. This section provides in part,

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;

---

[1] Here, because final judgment was entered in Wells Fargo's favor on all counts, it is the prevailing party.

>    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>    (5) Docket fees under section 1923 of this title;
>    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

While CityPlace has lodged several objections to the amount of costs sought, the Court itself has an independent obligation to ensure that the costs awarded are proper. *See Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015) (J. Rosenberg) ("[T]he Court has an independent obligation to review . . . bills of costs to independently determine whether . . . the costs sought to be taxed are properly taxable pursuant to the cost statute."). Nevertheless, the burden still falls on the challenging party to demonstrate that the disputed costs were not "related to an issue which was present in the case at the time the deposition was taken". *Flagstar Bank, FSB v. Hochstadt*, No. 08-80795-CIV, 2010 WL 1226112, at *8 (S.D. Fla. Mar. 4, 2010) (J. Hopkins), *report and recommendation adopted*, No. 08-80795-CIV, 2010 WL 1257680 (S.D. Fla. Mar. 26, 2010) (J. Hurley) (citing *EEOC*, 213 F.3d at 621).

In its Motion, Wells Fargo seeks to recover the following as taxable costs: $550.00 for fees of the clerk (including costs for two *pro hac vice* applications totaling $150.00), $260.00 for fees for service of summons and subpoena, $87,652.86 for fees for printed or electronically recorded transcripts necessarily obtained for use in this case ($51,903.98 for deposition transcripts and $35,748.88 for trial transcripts)[2], $160.00 for fees for witnesses, and $47.50 for docket fees. ECF No. [234].

---

[2] In its Reply, Wells Fargo withdraws some of the deposition costs for which it seeks reimbursement in its Motion.

CityPlace does not dispute Wells Fargo's request for fees of the Clerk for removal of the action to Federal Court ($400.00)[3], service of summons and subpoena ($260.00), fees for witnesses ($160.00), or docket fees ($47.50), which collectively totals $867.50.[4] ECF No. [238] at 1. CityPlace does dispute the amount of transcript fees, asking that the fees for the deposition transcripts be reduced to $17,436.28 and that the fees for trial transcripts be reduced to $8,663.10. *Id.* at 10.

The undisputed costs are properly taxed and should be awarded in the following amounts:

1. $400.00 for Fees of the Clerk under §1920(1); *see Newman v. Housing Auth. of City of Ft. Lauderdale*, No. 06–60359 CIV, 2007 WL 315098, *2 (S.D. Fla. Jan. 31, 2007) (J. Middlebrooks) ("a removal fee is unquestionably a fee of the clerk").

2. $260.00 for service of summons and subpoena under §1920(2); *see Robinson v. Alutiq-Mele, LLC*, 643 F. Supp. 2d 1342, 1354 (S.D. Fla. 2009) (J. Gold) (finding that "Defendant may recover…in fees for service of subpoenas").

3. $160.00 for witness fees under §1920(3); *see Barrera v. Weiss & Woolright S.*, 900 F. Supp 2d 1328, 1333-34 (S.D. Fla. 2012) (J. Graham) (finding that witness fees were appropriately charged when the prevailing party believed in good faith that a witness' testimony would be necessary at trial).

4. $47.50 for docket fees under §1920(5); *see James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 652 (S.D. Fla. 2007) (J. Dimitrouleas) ("docket fees are a taxable cost pursuant to 28 U.S.C. § 1920(5)").

---

[3] Within these fees of the clerk, however, CityPlace does dispute taxing the two *pro hac vice* applications by Wells Fargo, which total $150.00.
[4] In its Response to Wells Fargo's Motion for Bill of Costs, CityPlace states that this number iss $1,417.50. ECF No. [238] at 1. This number appears to be a miscalculation, given CityPlace's final calculations in the same document, in which the sum of these fees totals $867.50. *Id.* at 10.

The following is a recommendation on the disputed costs: the *pro hac vice* application fees, the deposition transcript fees, and the trial transcripts fees.

1. ***Pro Hac Vice* Application Fees:**

In its calculations for "Fees of the Clerk", Wells Fargo seeks reimbursement for the $150.00 total filing fee for two *pro hac vice* applications. ECF No. [235] at 3. CityPlace protests the inclusion of these fees, citing to several cases within this District that have deemed a *pro hac vice* application fee an expense of counsel, rather than a taxable cost. ECF No. [238] at 9; *see Exhibit Icons, LLC v. XP Companies, LLC*, No. 07-80824-CIV, 2009 WL 3877667, at *1 (S.D. Fla. Nov. 18, 2009) (J. Marra) (holding that a *pro hac vice* application fee is an expense of counsel, not the client, and thus is not properly recoverable as a fee of the clerk). In reply, Wells Fargo points out that the law in this District is not settled on this issue. ECF No. [240] at 8. Indeed, more recent decisions have held that *pro hac vice* application fees are recoverable. *See Hamilton v. Sikorsky Aircraft Corp.*, No. 9:17-CV-80289, 2019 WL 8641131, at *1 (S.D. Fla. Mar. 21, 2019) (J. Rosenberg); *TYR Tactical, LLC v. Productive Prod. Enter., LLC,* No. 15 CIV-61741, 2018 WL 3110799, at *14 (S.D. Fla. Apr. 11, 2018) (J. Valle). I agree with these more recent decisions. Accordingly, I recommend that Wells Fargo recover $150.00 for its two *pro hac vice* application fees.

2. **Deposition Fees:**

"Taxation of deposition costs is authorized by §1920(2). Though 1920(2) does not specifically mention a deposition…depositions are included by implication in the phrase stenographic transcript. Where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable. The question of whether the costs for a deposition are taxable depends on the factual question of whether the

5

deposition was wholly or partially necessarily obtained for use in the case." *W&O, Inc.*, 213 F.3d at 620-21 (citations omitted) (quotations omitted).

To determine the necessity of a deposition, the deposition "must only appear to have been reasonably necessary at the time it was taken, regardless of whether it was ultimately used at trial." *See Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1293 (S.D. Fla. 2015) (J. King) (citing *W&O, Inc.*, 213 F.3d at 620-21). The burden lies with the non-prevailing, challenging party to show that the deposition was not related to an issue in the case at the time it was taken. *Id.*

Fees for shipping, exhibits, expedited copies, condensed transcripts, and CD-ROMs, however, are generally not recoverable. *See George v. Florida Dept. of Corrections*, No. 07-80019-CIV, 2008 WL 2571348, at *6 (S.D. Fla. May 23, 2008) (J. Rosenbaum) (finding that extra fees such as expedited and condensed transcripts, shipping, and CD-ROMS were not recoverable because the claimant had to prove necessity, not just mere convenience), *report and recommendation adopted in part*, No. 07-80019-CIV-DIMITROULEAS, 2008 WL 11412061 (S.D. Fla. July 7, 2008) (J. Dimitrouleas). When the moving (prevailing) party fails to show necessity for these extra charges, courts do not grant them. *See Evans v. St. Lucie County Sch. Dist.*, No. 17-14450-CV, 2019 WL 8759421, at *3 (S.D. Fla. Aug. 29, 2019) (J. Reinhart), *report and recommendation adopted*, 2019 WL 8759420 (S.D. Fla. Sept. 13, 2019) (J. Rosenberg).

CityPlace does not dispute the necessity of the depositions but does dispute the extra charges that have been tacked onto Wells Fargo's request. ECF No. [238] at 3. CityPlace requests that the Court grant only the cost of a single transcript for each of the fifteen depositions, billed at the maximum ordinary transcript rate of $4.02/page, with the exception of the transcript for four witnesses: Jordan Rathlev, Corinne Penska, Gopal Rajegowda, and Teresa Engedal. *Id.* at 4 and 6. In support, CityPlace cites numerous cases from this District that ruled against granting incidental

charges to the prevailing party. *Id.* at 3. Notably CityPlace cites *Katz*: "Courts in this District have determined that fees for expedited or condensed transcripts, compressed and miniscript versions, and CD ROMs…are not reimbursable under §1920." *Id.* at 3. However, CityPlace fails to mention that in *Katz,* the Court denied the request because the prevailing party had not met its burden of justifying these extraneous costs. 127 F. Supp. 3d at 1293 ("Defendant has put forth no basis for an exception to the general rule that extraneous costs are not taxable in the case of the costs of her CD/Condense package, delivery, and e-transcripts. These optional deposition charges are extraneous, and thus cannot be reimbursed."). Indeed, the court did grant an expedited transcript cost, explaining that "with the threat of motions pending, Defendant has shown it was essential to expedite the transcripts given the situation." *Id.* at 1294.

### A. Fees for Expedited and Rough Transcripts

In its Reply, Wells Fargo reduces its request for reimbursement of costs for the expedited/rough deposition transcript costs from fifteen witness depositions to ten: Lorena Trujillo, Christie Corallo, Kristie Alvelo, Geraldine Kohut, Gary Routzhan, Jordan Rathlev, Gopal Rajegowda, Corrine Penska, Teresa Engedal, and Ted Whitmer. ECF No. [235] at 4, ECF No. [240] at 5. I will examine whether Wells Fargo has met its burden to recover the costs for expedited and rough transcripts of the depositions. *See Khoury v. Miami-Dade County School Board*, No. 16-20680-CIV, 2018 WL 7150192, at *5 (S.D. Fla. Nov. 28, 2018) (J. Otazo-Reyes), *report and recommendation adopted*, No. 16-20680-CIV, 2019 WL 399898 (S.D. Fla. Jan. 31, 2019) (J. Scola) (using the standard set in *Barrera v. Weiss & Woolright S.*, 900 F. Supp 2d 1328, 1335 (S.D. Fla. 2012), that expedited transcripts are necessary if the depositions occurred within 30 days of the deadline or motion because the short timeframe required expedited services).

For the transcripts of Christie Corallo, Krisite Alvelo, Lorena Trujillo, Gary Routzahn, and Geraldine Kohut, Wells Fargo states that it used rough and expedited copies of these deposition transcripts "in order to defend those depositions and to ensure that CityPlace's attorneys accurately characterized the testimony of prior witnesses." ECF No. [240] at 3. According to Wells Fargo, CityPlace noticed the depositions of these witnesses in quick succession during the month of April 2019, and during these depositions, CityPlace ordered rough transcripts from prior witnesses to cross examine witnesses. *Id.* This is a justifiable, necessary reason for Wells Fargo to have ordered rough deposition transcripts, in response to CityPlace doing the same, in a short time span.

Wells Fargo also explains that in May and June 2019, it ordered expedited transcripts of certain depositions in order to "incorporate relevant deposition testimony into the Trustee's opposition papers to CityPlace's Motion for Summary Judgment." ECF No. [240] at 3. Wells Fargo points out that its Response to CityPlace's Motion for Summary Judgment was due by July 1, 2019, and Wells Fargo took the depositions of four CityPlace witnesses between June 20 and June 25. *Id.* at 4. Wells Fargo can recover the expedited costs for these witnesses: Penksa, Gopal Rajegowda, Rathlev, and Engal. ECF No. [238] at 6.

Wells Fargo should not recover expedited costs for Ted Whitmer because his deposition was taken while Wells Fargo's Rule 56(d) Motion to stay or deny CityPlace's summary judgment motion was pending. ECF No. [240] at 4. In addition, even though Wells Fargo used Mr. Whitmer's deposition in its Amended Memorandum of Law in Opposition to CityPlace's Motion for Summary Judgement (ECF No. [120-1], filed July 1, 2019), this deposition was taken more than 30 days before the memorandum was filed. *See Khoury* at *5. Wells Fargo's expedited cost of the transcript of the May 13, 2019 deposition of Gary Routzahn is allowable, as it was used to

respond to CityPlace's first Motion for Summary judgement on May 14th, 2019. ECF No. [240] at 3, 5 and ECF No. [88].

### B. Court Reporter Appearance Fees

The parties debate whether Wells Fargo may recover the Court Reporter's appearance fee and if this is covered under § 1920. ECF No. [238] at 3, ECF No. [240] at 5. Both cite to case law within the District that has granted or denied court reporter fees. ECF No. [238] at 3, ECF No. [240] at 5. I agree with the cases finding this cost recoverable. "These courts have found that it is necessary for the court reporter to appear and record the testimony and then to prepare the deposition transcript. This Court agrees that the appearance fees of the court reporters are directly related to transcript preparation." *Berrios v. Univ. of Miami*, No. 11-22586-CV, 2012 WL 7051307, at *3 (S.D. Fla. Oct. 25, 2012) (J. Turnoff) *report and recommendation adopted*, No. 11-CV-22586-UU, 2012 WL 7008241 (S.D. Fla. Dec. 19, 2012) (J. Ungaro). The court reporter appearance fee is taxable under 28 U.S.C. § 1920.

### C. Costs for Shipping

Shipping costs, unless specifically justified as necessary, are considered to be only for the convenience of counsel and are not reimbursable. Here, to the extent the invoices include services for shipping, such costs are not recoverable because Wells Fargo has not met its burden. *See George v. Florida Dept. of Corrections*, 2008 WL 2571348, *6 (S.D. Fla. May 23, 2008)(court denied reimbursement of transcript delivery fee where defendant failed to demonstrate that the cost was not merely for counsel's convenience, but, instead, constituted a necessary expense); *Suarez v. Tremont Towing, Inc.*, 2008 WL 2955123, *3 (S.D. Fla. Aug. 1, 2008)(court did not allow reimbursement for delivery charges or charges for exhibits). Accordingly, the shipping, handling, and delivery fees ($600.00) are not recoverable.

9

### D. Costs for Exhibits

The parties dispute whether copies of the exhibits are recoverable for the prevailing party. ECF No. [238] at 3-4, ECF No. [240] at 7. CityPlace cites *Robinson v. Alutig-Mele, LLC*, which held that "the prevailing party cannot recover for copies made merely for counsel's convenience and the burden rests on the prevailing party to show the requested costs are recoverable." 643 F. Supp. 2d 1342, 1354 (S.D. Fla. 2009) (J. Gold). In *Robinson*, the court noted that the defendant presumably already had copies of the exhibits which were used in the deposition of the plaintiff, so the extra copies' costs were merely for the counsel's convenience. *Id.* In the current case, the Wells Fargo maintains that it had not received copies of the marked exhibits from CityPlace. ECF No. [240] at 7. Instead of using informal copies of the exhibits in their possession, Wells Fargo obtained exhibits for nine depositions from the court reporter. *Id.* Wells Fargo cites *Middleton v. Carnival Corp.*, No. 17-23158-CIV, 2019 WL 5291176, at *3 (S.D. Fla. July 18, 2019) (J. Otazo-Reyes), *report and recommendation adopted*, No. 17-23158-CIV, 2019 WL 5290893 (S.D. Fla. Aug. 15, 2019), which states that the prevailing party can recover costs for copies of deposition exhibits if it can show a need for them. As Wells Fargo did not have access to the official copies of the marked exhibits, and had to order official versions from the court reporter in order to prepare for trial and defend against the summary judgment motion, this is cost that can be reimbursed.

### E. Costs for Videographer (Duplicative Video Depositions) and Other incidental costs

The final dispute regarding deposition costs involves whether Wells Fargo may recover costs associated with obtaining video recordings from depositions for which it also received written transcripts. ECF No. [238] at 4. "For a video deposition to be taxable, the prevailing party must show why it was necessary to have both a video deposition and a transcribed deposition for use in

the case." *Ow Buland v. NCL (Bahamas) Ltd.*, 12-24167-CIV, 2019 WL 2254829, at *2 (S.D. Fla. Apr. 29, 2019) (J. McAliley) *report and recommendation adopted*, 2019 WL 2254703 (S.D. Fla. May 20, 2019) (J. Huck). Here, Wells Fargo claims that the depositions of Liberman and Whitmer were taken by CityPlace, and that CityPlace had each of the depositions videotaped. ECF [No. 240] at 8. Wells Fargo states that because of the possibility of CityPlace using the transcripts at trial or using the videos to impeach a witness, it had to order the videos for each of the two depositions. *Id.* As stated in *Morrison v. Reichhold Chems., Inc.*, "When a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." 97 F.3d 460, 465 (11th Cir.1996). CityPlace initiated the video deposition process and did not object at that time, so these costs should be reimbursed.

3. **Trial Transcripts fees:**

Transcript Fees are permitted as a cost under § 1920(2) when the trial transcripts were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). In *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, the court enumerated that the cost of daily trial transcripts can be allowed only when the length and complexity of a trial makes the daily trial transcripts necessary, or when all parties (including the court) relied on the transcript in making their decision. 865 F. Supp. 2d 1159, 1164 (S.D. Fla. 2011) (J. Altonaga).

Wells Fargo has asked for $35,748.88 for the daily trial transcripts of an eight-day trial, stating that the transcripts were necessarily obtained to prepare citations for the proposed findings of fact. ECF No. [235] at 5. It also states that the two parties had previously agreed to jointly order the

daily transcripts and share the costs. ECF No. [240] at 9. The transcripts were used by all parties, including the court, and Wells Fargo has attached copies of the invoices to its Reply. *Id.* In response, CityPlace asks the Court to deny these costs as Wells Fargo initially failed to attach the transcript invoices to its Motion for Bill of Costs. *See Flagstar Bank, FSB v. Hochstadt,* No. 08-80795-CIV, 2010 WL 1226112, at *10 (S.D. Fla. Mar. 4, 2010) (J. Hopkins), *report and recommendation adopted,* No. 08-80795-CIV, 2010 WL 1257680 (S.D. Fla. Mar. 26, 2010) (finding that prevailing party had failed to prove necessity of costs when it did not provide invoices to bolster its request). CityPlace also asks that if the Court does permit reimbursement for the trial transcript, it do so at the maximum district transcript rate of $4.02/page, bringing the total transcript cost to only $8,663.10. ECF No. [238] at 8-9.

Wells Fargo has proven the need for the trial transcript. The transcript totals 2,155 pages, and all parties including the Court used the transcript throughout the trial. ECF No. [238] at 8, ECF No. [240] at 9, Haveles Declaration at ¶ 4(c). This case also involved fifteen witnesses whose depositions were used at trial. ECF No. [235] at 4. Additionally, according to Wells Fargo, the parties agreed to order the daily transcript of the trial. ECF No. [240] at 9. Thus, Wells Fargo can be reimbursed for the trial transcript costs at the daily rate.

## RECOMMENDATION

In conclusion, this Court **RECOMMENDS** that Defendant's Motion for Costs (ECF No. [234]) be **GRANTED IN PART AND DENIED IN PART** in that Defendant recover costs in the amount of $75,180.21, which consists of:

$550.00 for fees of the Clerk ($150.00 for the *pro hac vice* application fees and $ 400.00 for the removal filing fee)

$260.00 for fees for service of summons and subpoena

$160.00 for fees for witnesses

$47.50 for docket fees

$35,748.88 for trial transcripts

$38,413.83 for deposition transcripts ($600.00 in shipping costs and the expedited fee for Mr. Whitmer's deposition have been deducted from this amount)

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) (providing that "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); s*ee also* Fed. R. Civ. P. 72(b) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy"). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993). **If counsel does not intend to file objections, counsel shall file a notice to that effect within FIVE DAYS of this report and recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 15th day of October, 2020.

_____
BRUCE E. REINHART
United States Magistrate Judge